UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID SCHELLER,

       Plaintiff,

v.                                                                                      CASE NO. 3:23-cv-1349-SJH

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

                                   /

## ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Authorization of Attorney Fees Pursuant to 42 USC § 406(b) ("Petition"), Doc. 33, and Plaintiff's Notice of Filing Plaintiff's Notice of Award Letter, Doc. 35. For the reasons stated herein, the Petition is due to be **granted**.

### I.    Background

Counsel for Plaintiff successfully represented Plaintiff in this appeal of an adverse decision by the Social Security Administration. *See* Docs 20–21. The case came before this Court, was reversed and remanded, and the Administrative Law Judge ultimately issued a favorable decision to Plaintiff, awarding $149,752.00 in past-due benefits. *See* Docs. 20–21; Doc. 33 at 2–3; Doc. 33-1 at 2; Doc. 35-1 at 3. In the

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Docs. 16–17.

Petition, Plaintiff requests $19,038.00 for a net attorney's fee, representing twenty-five percent of the past-due benefits awarded to Plaintiff, minus the EAJA fee previously awarded in this appeal,[2] minus a further voluntary fee reduction. Doc. 33 at 1–3, 5, 7; Doc. 33-1 at 1.

Section 406(b)(1)(A) of Title 42 of the U.S. Code limits any fee award Plaintiff's attorney may receive to a total of twenty-five percent of Plaintiff's recovered past-due benefits. Plaintiff and his counsel had a fee agreement providing for attorney's fees equal to twenty-five percent of Plaintiff's past-due benefits. Doc. 33-1 at 5–6. In this case, Plaintiff requests a net fee award in the amount of $19,038.00, which represents twenty-five percent of Plaintiff's past-due benefits less the EAJA fee already received and a further voluntary reduction. Doc. 33 at 1–3, 5, 7; Doc. 33-1 at 1. Defendant does not oppose the Petition. *Id.* at 9.

## II.    Standard

Under 42 U.S.C. § 406(b), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A). This "25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b) . . . ." *Culbertson v. Berryhill*, 586 U.S. 53, 62 (2019). But "an attorney who receives

---

[2] The Court previously awarded a fee pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, of $8,000.00. *See* Docs. 30–31.

fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client . . . ." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). However, "the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Id.*

In capping the fee at twenty-five percent, Congress "sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). In *Gisbrecht*, the Supreme Court stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.

The Court first looks to the parties' agreement and then assesses reasonableness. *Id.* at 808. In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for a number of reasons, including "the character of the representation and the results the representative reached," any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and/or fees that "are large in comparison to the amount of time counsel spent on the case[.]" *Id.* (citing cases that disallow "windfalls for lawyers").

3

### III.    Analysis

The retainer agreement for this federal court appeal provides that Plaintiff agreed to pay counsel twenty-five percent of the past-due benefits awarded to Plaintiff. *See* Doc. 33-1 at 5-6. Plaintiff requests a net fee award of $19,038.00, which represents twenty-five percent of Plaintiff's past-due benefits less the EAJA fee already received and less a further voluntary fee reduction. Doc. 33 at 1–2, 5, 7; Doc. 33-1 at 1. Defendant does not oppose the Petition. Doc. 33 at 9.

Moreover, the Court finds no reason for a reduction of the amount of the requested fee. With respect to the character of the representation and the results achieved, Plaintiff's counsel provided competent representation and achieved a favorable result. The Court reversed the Commissioner's decision, remanded the case to the Commissioner for further proceedings, and Plaintiff prevailed on remand. *See* Docs. 20–21, *see also* Doc. 33 at 2; Doc. 33-1. Additionally, there is no indication of any undue delay caused by counsel. Finally, and considering the risk counsel assumes in a contingency case, the attorney's fee requested does not result in a windfall to counsel.[3] *See, e.g.*, *Peterson v. Comm'r of Soc. Sec.*, No. 6:16-cv-948-Orl-40GJK, 2018 WL 3650034, at *1–2 (M.D. Fla. June 19, 2018) (approving as reasonable under §406(b) contingency fee award that resulted in an hourly rate of approximately $2,000); *see also Botton v. Comm'r of Soc. Sec.*, No. 8:22-cv-1458-SPF, 2024 WL 4979202, at *1 (M.D.

---

[3] The requested fees inclusive of the prior EAJA award amounts to a blended hourly rate of approximately $724.88 ($27,038.00/37.3 hours). *See* Doc. 33 at 2; Doc. 33-1 at 8.

4

Fla. Dec. 4, 2024) (collecting cases); *Curran v. O'Malley*, No. 8:22-cv-1962-AEP, 2024 WL 4201607, at \*1 (M.D. Fla. Sept. 16, 2024); *Gorgoglione v. Comm'r of Soc. Sec.*, No. 8:13-cv-953-T-33TBS, 2015 WL 2094909, at \*3–4 (M.D. Fla. May 5, 2015). Thus, a reduction to prevent a windfall is not necessary.

Therefore, because the Court finds the requested amount reasonable, and because there is no reason to reduce the amount of the requested fee, the Petition will be granted and the Commissioner will be directed, pursuant to Section 406(b), to pay to Plaintiff's counsel the sum of $19,038.00 for attorney's fees.

Accordingly, it is **ORDERED**:

1.      The Petition (Doc. 33) is **granted**.

2.      The Commissioner is directed to pay directly to Plaintiff's counsel the sum of $19,038.00 for attorney's fees.

3.      The Clerk of Court is directed to enter judgment accordingly.

**DONE AND ORDERED** in Jacksonville, Florida, on April 23, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

5